**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1049-17T3

DR. BARRY HELFMANN,
PSY.D.,

      Plaintiff-Appellant,

v.

STATE BOARD OF PSYCHOLOGICAL
EXAMINERS and JOAN D. GELBER,
ESQ.,

      Defendants-Respondents.

_____

      Argued November 28, 2018 – Decided December 6, 2018

      Before Judges Nugent and Mawla.

      On appeal from Superior Court of New Jersey, Chancery Division, Union County, Docket No. C-000051-17.

      Scott B. Piekarsky argued the cause for appellant (Piekarsky & Associates, LLC, attorneys; Scott B. Piekarsky and Jennifer L. O'Neill, on the briefs).

      Michael R. Sarno, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Michael R. Sarno, on the brief).

PER CURIAM

Plaintiff, Dr. Barry Helfmann, Psy.D., appeals from an order that dismissed his five-count complaint for failure to state a claim upon which relief could be granted. On this appeal he challenges only the dismissal of the first two counts. We affirm.

Following the publication of a December 2015 New York Times article concerning a collection action plaintiff's lawyer filed against a patient, Senior Deputy Attorney General Joan D. Gelber investigated the matter and filed a five-count complaint against plaintiff with the Board of Psychological Examiners (the Board). On the same day defendant Gelber filed the complaint, plaintiff filed a five-count complaint in Superior Court against defendants.

In his complaint's first count, plaintiff alleged he had "a property interest that is protected by the United States Constitution and the New Jersey Constitution." He further alleged defendants had deprived him of his property interest "in violation of the Substantive Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution," and as a result, he sustained reputational damage and economic loss.

A-1049-17T3

In the complaint's second count, plaintiff alleged that as the owner of a license, he had a property interest protected by the United States Constitution and the New Jersey Constitution. He claimed the Board "violated and continues to violate [his] rights, as a class of one, under the Equal Protection Clause by intentionally treating him differently than others similarly situated for no rational basis in law or fact." He also alleged that as the result of this violation, he sustained reputational damage and economic loss.

Defendants moved to dismiss the complaint under Rule 4:6-2(e) for failure to state a cause of action upon which relief could be granted. Judge Katherine R. Dupuis granted the motion, determining defendants were entitled to absolute immunity.

We affirm, substantially for the reasons expressed by Judge Dupuis in her written decision. Plaintiff's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1049-17T3